**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL NO.  3:00CV510**
**(3:98CR22)**

| | | |
|---|---|---|
| **JANICE SYLVIA STEELE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion

pursuant to Rule 60(b) and a "Notice that Sentence Have (sic) Been

Served."  No response is necessary from the Government.


**I.  PROCEDURAL HISTORY**

The Petitioner was charged on January 15, 1998, in a six count bill of

indictment with armed bank robbery of two different banks on two separate

occasions.  **Bill of Indictment, filed January 15, 1998.**  After jury trial, she

was found guilty of all six counts of the indictment.  **Verdict Sheet, filed**

**August 13, 1998.**  At the sentencing hearing, the undersigned granted the

Petitioner's motion for a judgment of acquittal as to Count Six and that count was dismissed. The undersigned sentenced the Petitioner to serve 70 months on Counts 1, 2, 4 and 5 concurrently, and 60 months on Count 3 consecutively. **Judgment in a Criminal Case, filed May 21, 1999.** On appeal, the Petitioner raised one issue, the failure of the trial judge to suppress a statement made during a search of her home. The Fourth Circuit affirmed the Petitioner's conviction and sentence. ***United States v. Steele*, 202 F.3d 262 (table), 1999 WL 1255730 (4th Cir. 1999).**

On October 13, 2000, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255 raising as grounds for relief ineffective assistance of trial counsel and prosecutorial misconduct through a comment made during the closing argument. **Motion to Vacate, filed October 13, 2000.** The undersigned denied the motion on November 7, 2000, and the Petitioner promptly appealed. The Fourth Circuit dismissed the appeal on July 2, 2001.

Meanwhile, the Petitioner has continued to make filings in the criminal case, such as a motion to vacate the unserved portion of her sentence and a motion to modify the term of her imprisonment. These

motions as well were denied.  **Orders, filed October 7, 2003, and June 29, 2004.**

## II.  STANDARD OF REVIEW

The Petitioner moves for relief pursuant to Federal Rule of Civil Procedure 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment."  At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications.  As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
> . . .

In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

***United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003).**

"The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." ***Id.*, at 203.**

As previously noted, the Petitioner previously filed a motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. ***Winestock*, 340 F.3d at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**

## III. DISCUSSION

The Petitioner's motion is based on a claim that the undersigned improperly sentenced her to 70 months imprisonment for Counts 1, 2, 3 and 5 because the Guideline range was only 51 to 63 months.[1]

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.
>
> . . .
>
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing [her] collateral attack on [her] conviction or sentence.

**Id., at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th cir. 2002)) (other internal citations and quotations omitted).** Here, the

---

[1]The Guideline range was, in fact, 70 to 87 months.

Petitioner claims the sentencing court erroneously sentenced her outside the Guidelines range. This is clearly a successive claim asserting arguments not raised in her first motion to vacate. ***Id.***; ***Gitten v. United States***, 311 F.3d 529 (2d Cir. 2002); ***Santiago v. United States***, 64 Fed. Appx. 281, 286 (2d Cir. 2003) ("[A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); ***United States v. Ray***, 4 Fed. Appx. 197 (4th Cir. 2001). Thus, this claim is subject to the requirements for successive applications, that is, it must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DENIED** for lack of jurisdiction.

Signed: June 19, 2006

Lacy H. Thornburg
United States District Judge